## ZANDERS v. YOUNGSTOWN MUNI. RY. CO.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Nov. 4, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

829. NEGLIGENCE—225. Charge of Court.

Where plaintiff claims damages for injuries caused by being thrown by jerk of starting street car, not error to charge that if jerk or lurch was necessary and would obtain in proper operation of car, there was no negligence on part of defendant and plaintiff could not recover.

Error to Common Pleas.
Judgment affirmed·

L. L. George, Youngstown, for Zanders.

Harrington, DeFord, Huxley & Smith, Youngstown, for Muni. Ry Co.

## STATEMENT OF FACTS.

This is an action by Ada Zanders to recover damages for injuries which she claimed were sustained while she was a passenger on one of the defendant company's cars. The result was a verdict in favor of the defendant.

Plaintiff claims that she entered one of defendant's cars at Lakeview Avenue. That while she was stepping into the main body of the car, it gave a jerk or lurch and she was thrown forward; that she got up, dusted off her clothing and went to the rear of the car and sat down. At that time, she did not think she was injured in any way, and when the operator asked for her name, she refused to give it, but after being home a few days, she claims very serious consequences resulted from her fall.

Just three witnesses testified in the case. One was the doctor, and the other witness besides the plaintiff, was James B. Allen. Mr. Allen testified, that some time about the time claimed by plaintiff he was on a car answering this description and there was just one other man on the car; that a lady fell forward as she was entering the car and that he signed a card and gave it to the conductor of the car. There is no date on the card, and he was unable to fix the date or the time, and he was unable to identify the lady who fell, but he was able to identify the card and the occasion, but thought it was not at Lakeview Avenue, but a nearer stop to the city.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

POLLOCK, J.

The first error complained of is the giving of the request of the defendant below in charge to the jury. This charge is that if the jerk or lurch which she claims caused her to fall was necessary and would obtain in proper operation of the car, there was no negligence on the part of the defendant, and therefore she could not recover. We do not see any error in that request.

It is urged that the testimony of Mr. Allen is incompetent because Allen is not able to

(Continued on Page 174)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

### February 29, 1928

20990—Lloyd R. Read v. Edith P. Marty. Motion for Carroll Appeals to certify. W. R. East, Akron for ptff.

20991—Eddie Peppers v. State of Ohio. Motion for leave to file petition in error to Gallia Appeals. H. C. Johnston, Gallipolis, for ptff; F. E. Cherrington, Gallipolis, for deft.

20992—Gilbert M. Soul v. Frazer D. Lockhart. Record certified for review and final determination by Cuyahoga Appeals. Vickery & Vickery, Cleveland, for ptff; Thompson, Hine & Flory, for deft.

### March 2, 1928

20993—Sebastian Carcione v. State of Ohio. Motion for leave to file petition in error to the Cuyahoga Appeals. Herman H. Finkle, Cleveland, and Henry Galen, Cleveland, for pltff; E. C. Stanton, Cleveland, for deft.

20994—Elizabeth Matis v. Benjamin D. Woodruff. Motion for Lucas Appeals to certify. Johnson, Johnson & Farber, Toledo, for pltff; Doyle & Lewis, and Milo J. Warner, Toledo, for deft.

### March 3, 1928

20995—George W. Davison et v. W. S. Snyder et. Motion for Cuyahoga Appeals to certify. Stearns, Chamberlain & Royon, Cleveland, for pltff; Tolles, Hogsett & Ginn, Cleveland, for defts.

20996—Emilia Sadowski v. State of Ohio. Motion for Cuyahoga Appeals to certify. F. J. Kmiecik and Myron J. Penty, Cleveland, for pltff; Julius Kovachy, Cleveland, for deft.

### March 5, 1928

20997—Cyrus Kehr v. Coe Mfg. Co. Motion for Lake Appeals to certify. Hartshorn & Thomas, and Geo. W. Saywell, Cleveland, and Murray N. Goodrich, Painesville, for pltff/; Alvord, Blakely, Ostrander & Slocum, Painesville, for deft.

### March 6, 1928

20998—George H. Wood et v. Joseph M. Wood et. Motion for Franklin Appeals to certify. J. M. Butler, F. R. Detrick and C. J. Bartlett, Columbus, for pltff; J. A. Connor and Stuart R. Bolin, Columbus, for defts.

20999—Madden Lumber & Const. Co. v. L. M. Kyes et. Motion for Columbiana Appeals to certify. C. L. Shaylor, Ashtabula, and J. E. Baukencht, East Palestine, for pltff; L. M. Kyes, East Palestine, Geo. T. Farrell, Lisbon, and W. O. Wallace, Columbiana, for defts.

## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET

20607—The Louisville & Nashville Railroad Co. v. Dora B. Greene, administratrix, Hamilton. Settled and dismissed by consent of parties at costs of plaintiff in error. Dock. 5 Abs. 418.

20675—Prudential Co-Operative Realty Co. v. City of Youngstown, Mahoning. Judgment affirmed. Dock. 5 Abs. 506.

20795—The Lake Shore Electric Railway Co. v. Public

20849—Eli Harter v. Maude F. Marsh, treasurer, Portage. Motion to dismiss petition in error overruled. Dock. 5 Abs. 797.

### MOTION DOCKET

20914—Stearns Conveyor Co. v. Superior Foundry Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 45.

20955—Julia Lumas v. Mike George Lumas. Motion by defendant to strike motion to certify record from files. Overruled. Dock. 6 Abs. 125.

20955—Julia Lumas v. Mike George Lumas. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 125.

20958—South Euclid Plumbing & Heating Co. v. Angelo V. Severino. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 125.

20959—Grasselli Chemical Co. v. Anna Copeland. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 125.

20962—Curro & Whitaker Co. v. Jeo Zimanski. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 125.

20969—John Sabo v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Summit county. Allowed. Dock. 6 Abs. 125.

20965—Nellie Moore v. State of Ohio. Motion by defendant to dismiss petition in error. Overruled. Dock. 6 Abs. 141.

20965—Nellie Moore v. State of Ohio. Motion for leave to file petition in error to Court of Appeals of Greene county. Allowed. Dock. 6 Abs. 141.

20968—Helen Zwolinski v. the Lincoln Heights Savings & Loan Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 141.

20969—William S. Johnstone v. Toledo Machinery Exchange, Inc. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 141.

20970—Albert Mitchell v. City of Columbus. Motion by defendant to strike motion to certify record from files. Overruled. Dock. 6 Abs. 141.

20970—Albert Mitchell v. City of Columbus. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 141.

(Continued from Page 172)
identify the occasion on which he saw an accident, and for that reason his testimony should not be introduced. This was a question for the jury to determine, whether the accident Allen saw was the accident plaintiff complained of. The jury determined that question in favor of the accident the lady sustained, and we feel that it had a right to do so.

Judgment of the court below affirmed.